**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49903**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 25, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| EZRA MACLOVIO SMITH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick O'Neil, District Judge.

Judgment of conviction and aggregate, unified sentence of twenty-five years with ten years determinate for grand theft, eluding a peace officer, aggravated battery on certain law enforcement personnel, aggravated assault on certain law enforcement personnel, use of a deadly weapon during the commission of a crime, and attempted petit theft, affirmed; order denying Idaho Criminal Rule 35(b) motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

Ezra Maclovio Smith pled guilty to grand theft, Idaho Code §§ 18-2403(1), 18-2407(1)(b)(1), 18-2409; felony eluding a peace officer, I.C. § 49-1404(2)(b); and misdemeanor attempted petit theft, I.C. §§ 18-204, 18-306, 18-3403(1), 18-2407(2), and 18-2409. Smith proceeded to trial and was found guilty of aggravated battery on certain law enforcement personnel, I.C. §§ 18-915(1)(b), 18-907(1)(b), 18-903(a); aggravated assault on certain law

1

enforcement personnel, I.C. §§ 18-915(1)(b), 18-905(a) and/or (b), 18-901(a); and use of a deadly weapon during the commission of a crime, I.C. § 19-2520. The district court imposed a unified sentence of fourteen years with seven years determinate for grand theft; a five-year determinate term for felony eluding; credit for time served for attempted petit theft; twenty-five years with ten years determinate for aggravated battery; and twenty-five years with ten years determinate for aggravated assault, resulting in an aggregate sentence of twenty-five years with ten years determinate. The sentences were ordered to run concurrently. Smith filed an Idaho Criminal Rule 35(b) motion, which the district court denied. Smith appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Smith's Rule 35(b) motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Smith's Rule 35(b) motion, we conclude no abuse of discretion has been shown.

Therefore, Smith's judgment of conviction and sentences, and the district court's order denying Smith's Rule 35(b) motion, are affirmed.